IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

**DEMYA JOHNSON**
on behalf of herself and all others
similarly situated

        Plaintiff,                      Case No.: 21-cv-478

        v.                         **JURY TRIAL DEMANDED**

**ASALYNA DARING GRINDS, LLC**
19645 State Highway 27
Sparta, WI 54656

        Defendant.

## CLASS ACTION COMPLAINT

Plaintiff, DeMya Johnson ("Plaintiff"), on behalf of herself and all persons similarly situated, alleges the following based on personal knowledge as to allegations regarding herself and on information and belief as to others.

## INTRODUCTION

1.    This action arises out of Defendant, Asalyna Daring Grinds, LLC's ("Defendant"), practice of sending autodialed telemarketing text messages to individuals on the National Do-Not-Call Registry without prior express written consent (or any consent whatsoever), in violation of two separate provisions of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA")..

2.     Plaintiff has done no business with Defendant and has never provided Defendant prior express written consent to send telemarketing text messages to her telephone number.

3.     Plaintiff's telephone number was registered on the National Do-Not-Call Registry at the time of the text messages.

4.     Accordingly, Plaintiff brings this TCPA action on behalf of herself and two classes of similarly situated individuals under 47 U.S.C. §§ 227(b) and 227(c).

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

6.     This Court has jurisdiction over Defendant because Defendant is incorporated and headquartered in this District, and conducts business transactions in this District and has committed tortious acts in this District.

7.     Venue is proper in this District because Defendant conducts significant amounts of business transactions within this District and because some of the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## PARTIES

8.     Plaintiff Johnson is, and at all times mentioned herein was, a citizen and resident of Decatur, Alabama.

9.     Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

10.     Defendant is, and at all times mentioned herein was, a Wisconsin limited liability company headquartered at 19645 State Highway 27, Sparta, Wisconsin 54656.

11.     Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

## GENERAL FACTUAL ALLEGATIONS

12.     Defendant, or someone acting on its behalf and at its direction, sends automated text messages marketing its weight loss product, Quick Slim Keto.

13.     These text messages come from changing 10-digit numbers, but all follow the same pattern: they all contain a link that, when clicked, redirects through multiple websites that ultimately terminate at "www.tryquickslim.com."

14.     Because each of these text messages were advertising Defendant's products, they constitute telemarketing messages and telephone solicitations.

## PLAINTIFF JOHNSON'S FACTUAL ALLEGATIONS

15.     Plaintiff Johnson is the sole and primary user of a cellular telephone number ending in 8330.

16.     Plaintiff Johnson's telephone number ending in 8330 has been on the National Do-Not-Call Registry since December 16, 2019.

17.     Plaintiff Johnson received Defendant's text messages described herein.

18.     These text messages include texts on October 14, 2020, October 17, 2020, October 22, 2020, October 24, 2020 and October 29, 2020.

3

19.     Plaintiff Johnson never provided prior express written consent (or any consent) to Defendant for these text messages.

20.     Plaintiff Johnson replied "STOP" to each of these text messages, but they continued.

21.     Unable to stop the text messages by replying "STOP", Plaintiff Johnson purchased Defendant's Quick Slim Keto product to identify Defendant and request they stop texting Plaintiff.

22.     Plaintiff Johnson's credit card revealed a charge from "successcleanadvantage.com."

23.     The website "www.successcleanadvantage.com" identified Defendant as the owner and/or operator of that website.

**DEFENDANT'S LIABILITY**

24.     Because Defendant's text messages constitute telemarketing, Defendant was required to obtain prior express written consent from the persons to whom they sent these text messages.

25.     "Prior express written consent" is specifically defined by statute as:

> [A]n agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered.

26.     Plaintiff never provided Defendant with any consent, written or otherwise.

4

27.     Accordingly, each of Defendant's telemarketing text messages to Plaintiff using an automatic telephone dialing system violated 47 U.S.C. § 227(b).

28.     For violations of 47 U.S.C. § 227(b), Plaintiff is entitled to a minimum of $500.00 per text message.

29.     Plaintiff is entitled to $1,500.00 per text message if Defendant's actions are found to be knowing or willful.

30.     In addition, the TCPA prohibits making "any telephone solicitation" to a telephone number on the National Do-Not-Call Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c).

31.     Plaintiff's number was on the National Do-Not-Call Registry prior to the text messages.

32.     While the exact number of texts to Plaintiff's telephone numbers will be determined in discovery, Plaintiff has received more than two such telemarketing text messages in a 12-month period, as required by 47 C.F.R. § 64.1200(c) for violations of 47 U.S.C § 227(c).

33.     Accordingly, for violations of, Plaintiff is entitled to an additional $500.00 per text message.

34.     Plaintiff is entitled to an additional $1,500.00 per text message if Defendant's actions are found to be knowing or willful.

5

35. Plaintiff has suffered concrete harm because of Defendant's unwanted and unsolicited telemarketing text messages, including, but not limited to:

- Device storage;

- Data usage;

- Lost time tending to and responding to the unsolicited text messages;

- Invasion of Privacy; and

- Nuisance.

36. These forms of actual injury are sufficient for Article III standing purposes.

## CLASS ACTION ALLEGATIONS

37. Plaintiffs bring this action under Fed. R. Civ. P. 23 on behalf of two proposed "Classes," defined as follows:

## THE TCPA CLASSES

Since July 29, 2021, Plaintiff and all persons to whose cellular telephones Defendant placed (or had placed on its behalf) a telemarketing text message using identical, or substantially identical, equipment as the equipment used to place telemarketing text messages to Plaintiff.

("TCPA 227(b) Class")

Since July 29, 2021, Plaintiff and all persons within the United States to whose telephone number Defendant placed (or had placed on its behalf) two or more telemarketing text messages in a 12-month period when the telephone number to which the text messages were sent was on the National Do-Not-Call Registry at the time of the messages.

("TCPA 227(c) Class")(collectively the "Classes").

6

38.     Excluded from the Classes are Defendant and any entities in which Defendant has a controlling interest; Defendant's agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

39.     The Members of the Classes for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

40.     The exact number and identities of the persons who fit within the Classes are ascertainable in that Defendant and third parties maintain written and electronically stored data showing:

      a.    The time period(s) during which Defendant placed its text messages;

      b.    The telephone numbers to which Defendant placed its text messages;

      c.    The telephone numbers for which Defendant had prior express written consent;

      d.    The purposes of such text messages; and

      e.    The names and addresses of Class members.

41.     The Classes are comprised of hundreds, if not thousands, of individuals nationwide.

42.     There are common questions of law and fact affecting the rights of the Members of the Classes, including, *inter alia*, the following:

7

a.   Whether Defendant sends telemarketing text messages or has them sent on its behalf;

b.   Whether Defendant obtains prior express written consent;

c.   Whether Defendant or someone acting on its behalf sends text messages using an automatic telephone dialing system;

d.   Whether Defendant or the entity with which it contracts to send its messages sends solicitation text messages to telephone numbers registered on the National Do-Not-Call Registry;

e.   Whether Plaintiff and the Classes were damaged thereby, and the extent of damages for such violations; and

f.   Whether Defendant should be enjoined from engaging in such conduct in the future.

43.   Plaintiff is a member of the Classes in that Defendant placed two or more texts for telemarketing purposes in a one-year period to her telephone number when her telephone numbers were on the National Do-Not-Call Registry, and these text messages all used an automatic telephone dialing system.

44.   Plaintiff's claims are typical of the claims of the Members of the Classes in that they arise from Defendant's uniform conduct and are based on the same legal theories as these claims.

45.     Plaintiff and all putative Members of the Classes have also necessarily suffered concrete harm in addition to statutory damages, as all Members of the Classes spent time tending to Defendant's unwanted calls, lost space on their devices, and suffered a nuisance and an invasion of their privacy.

46.     Plaintiff has no interests antagonistic to, or in conflict with, the Classes.

47.     Plaintiff will thoroughly and adequately protect the interests of the Classes, having retained qualified and competent legal counsel to represent themselves and the Classes.

48.     Defendant has acted and refused to act on grounds generally applicable to the Classes, thereby making injunctive and declaratory relief appropriate for the Classes.

49.     The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

50.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical.

51.     Common questions will predominate, and there will be no unusual manageability issues.

### FIRST CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)
### (On Behalf of Plaintiff and the TCPA 227(b) Class)

52.     Plaintiff and the proposed TCPA 227(b) Class incorporate the foregoing allegations as if fully set forth herein.

53.     Defendant sent, or had sent on its behalf, telemarketing text messages to Plaintiff's and TCPA 227(b) Class Members' telephone numbers without prior express written consent.

54.     Plaintiff's and TCPA 227(b) Class Member's telephone numbers are each assigned to a cellular telephone service.

55.     As alleged, these text messages all used an "automatic telephone dialing system."

56.     The text messages were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

57.     Plaintiff and TCPA 227(b) Class Members are entitled to an award of $500.00 in statutory damages for each text message, pursuant to 47 U.S.C. § 227(b)(3)(B).

58.     Plaintiff and TCPA 227(b) Class Members are entitled to an award of treble damages in an amount up to $1,500.00 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(b)(3).

## SECOND CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227(c)
### (On Behalf of Plaintiff and the TCPA 227(c) Class)

59.     Plaintiff and the proposed TCPA 227(c) Class incorporate the foregoing allegations as if fully set forth herein.

60.     Defendant sent, or had sent on its behalf, text messages constituting telephone solicitations to Plaintiff's and TCPA 227(c) Class Members' telephone numbers.

61.     Plaintiff's and TCPA 227(c) Class Members' telephone numbers were all on the National Do-Not-Call Registry at the time of the text messages.

62.     Plaintiff and TCPA 227(c) Class Members each received two or more such text messages in a 12-month period.

63.     Plaintiff and TCPA 227(c) Class Members are entitled to an award of $500.00 in statutory damages for each text message pursuant to 47 U.S.C. § 227(c)(5).

64.     Plaintiff and TCPA 227(c) Class Members are entitled to an award of treble damages in an amount up to $1,500.00 for each text message made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A.      An order certifying the Classes as defined above, appointing Plaintiff as the representatives of the Classes and appointing their counsel as Class Counsel;

B.      An order declaring that Defendant's actions, as set out above, violate 47 U.S.C. §§ 227(b) and (c);

C.      An award of injunctive and other equitable relief as necessary to protect the interests of the Classes, including, *inter alia*, an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

D.      An award of statutory damages;

E.      An award of treble damages;

F.      An award of reasonable attorneys' fees and costs; and

11

G.      Such other and further relief that the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated this 29th day of July, 2021.

**HAWKS QUINDEL, S.C.**
*Attorneys for Plaintiff and the putative class*


By:___*/s/ Nicholas E. Fairweather*_____
Nicholas E. Fairweather, State Bar No.: 1036681
Email: nfairweather@hq-law.com
Caitlin M. Madden, State Bar No.: 1089238
Email: cmadden@hq-law.com
409 East Main Street
Post Office Box 2155
Madison, Wisconsin 53701-2155
Telephone: (608) 257-0040
Facsimile: (608) 256-0236

**THE WEITZ FIRM, LLC**

Max S. Morgan*
Email: max.morgan@theweitzfirm.com
Eric H. Weitz*
Email: eric.weitz@theweitzfirm.com
1528 Walnut Street, 4th Floor
Philadelphia, PA 19102
Telephone: (267) 587-6240
Facsimile: (215) 689-0875

\* *Pro hac vice* application to be filed

*Attorneys for Plaintiff and the putative class*